### No. 2.

**JOHN WOOD** *against* **JOSEPH BEEMAN.** *Franklin*, 1819.

WHERE a note is payable in collateral articles, on demand, and a demand is made, promissor must deliver the articles so as to place them at the disposal of promissee.

Where a note is payable in collateral articles, at a time and place fixed, promissor must, at the time and place fixed, designate the articles he offers in payment.

ACTION on note of the following tenor :

"*Fairfax*, June 25, 1815.

"For value received, I promise to pay John Wood, forty-five dollars, forty cents' worth of good, clear white pine lumber,

such as floor plank, clapboards, and other clear boards, deliv-
ered at some of the saw-mills, in Fairfax, when called on—al-
so, eighteen thousand good short shingles, by the first of Jan-
uary next, and two thousand feet of good merchantable white
pine boards, on demand, all of which are to be delivered at one
of the following mills, viz: Daniel Wilkins', Wheat Beals', or
my own.

"JOSEPH BEEMAN."

*Plea*—Non assumpsit.

On the trial the plaintiff proved, by a witness, that he (wit-
ness) went with plaintiff to Fairfax, with teams, after boards—
they met defendant some distance from his house, going from
home ; plaintiff informed defendant he was going after boards,
defendant said he could not go back, but requested them to call
on his son, who was authorised to act for him, and who would
attend to the business.  Plaintiff and witness proceeded, and
called on defendant's son ; he went with them to the mill, where
they found some stuff, but not such as plaintiff was willing to
take ; they went to Shepardson's mill, where they found some
stuff that would answer plaintiff's purpose, but Shepardson re-
fused to let it go unless plaintiff would be responsible, in case
defendant would not pay, as defendant's son, who acted as his
agent, appeared rather unwilling to do any act which should
bind his father, the defendant, to the payment ; that plaintiff
did so become responsible, and he and witness took each a
load of boards.

The Judge directed the Jury, that it was not sufficient for de-
fendant to shew there was lumber enough at the mills, unless it
was also shewn that it belonged to defendant, and ready for the
plaintiff, when called for ; and farther, as defendant had con-
stituted his son his agent, he would be responsible for his con-
duct, and if, by extreme caution, the agent did not deliver the
lumber agreeable to the contract, the defendant would be re-
sposible.

The defendant insisted that the part of the contract payable
in shingles was complied with, as there were shingles enough,

which might be had on the first day of January, in Fairfax, which amounted to a tender, and proved there were some shingles near the defendant's house, at that time, but not the quantity specified in the contract.

The Judge directed the Jury, that it was requisite for the defendant to prove that there were shingles enough, at that time, ready to be delivered to plaintiff, at some place convenient for plaintiff to receive them; and for defendant to shew a performance of the contract on his part, he must shew such acts done by him, as would vest the property in the plaintiff.

The defendant contended that plaintiff could not recover on the whole contract, but only so much as had become due in money.

The Judge decided, that as the whole contract was put in issue, by the pleadings, that the verdict would conclude the whole.

Verdict for plaintiff.

Defendant excepts, and moves for a new trial.

By the Court:

1. As to the lumber to be delivered on demand, it was the duty of the defendant, when called on, to designate the place at which he would deliver the lumber, and to deliver it to the plaintiff; it does not appear that lumber, to answer the note, was offered at defendant's mill; the offer at Shepardson's mill was no tender; it did not place any lumber, unconditionally, at the disposal of the plaintiff.

2. The defendant could not fulfil the contract relative to the shingles, without performing some act which would designate the particular shingles set apart for the satisfaction of the plaintiff's demand; merely having them on hand would not be sufficient.

New trial not granted.